IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JESSIE WILLIAMS,

                            Plaintiff,

     v.

DR. ENDRES,

                            Defendant.

OPINION AND ORDER

14-cv-172-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se prisoner Jessie Williams has filed a proposed complaint under 42 U.S.C. § 1983 in which he alleges that defendant Dr. Endres refused his request to be sent to a "treatment center for mental illness." Defendant's alleged response was, "As long as [I] am alive, you [will] never go to a treatment center."

      Plaintiff seeks leave to proceed under 28 U.S.C. § 1915 without prepayment of the filing fee. However, under 28 U.S.C. § 1915(g), a prisoner may not bring a civil action without prepaying the filing fee "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." This provision applies to plaintiff because a federal court has dismissed a complaint he filed for failure to state a claim upon which relief may be granted

1

on at least three occasions. Williams v. Meil; 13-cv-290-bbc (W.D. Wis. Aug. 18, 2013); Williams v. Staniec; 12-cv-691-bbc (W.D. Wis. Oct. 26, 2012); Williams v. Garbleman, No. 11-cv-1033-rtr (E.D. Wis. Jan. 23, 2012). Thus, plaintiff must prepay the full filing fee before proceeding unless he "is under imminent danger of serious physical injury."

"The imminent danger exception to § 1915(g)'s 'three strikes' rule is available for genuine emergencies, where time is pressing and a threat is real and proximate." Heimermann v. Litscher, 337 F.3d 781, 782 (7th Cir. 2003) (internal quotations and alterations omitted). Vague and conclusory allegations are not sufficient. Ciarpaglini v. Saini, 352 F.3d 328, 330-31 (7th Cir. 2003).

In this case, plaintiff has not identified an imminent danger. Although he says that he wants to be sent to a mental health treatment center, he does not allege that he is engaging in self harm, thinking about engaging in self harm or experiencing any other symptoms that would require immediate treatment. In fact, he does not discuss *any* symptoms that he is experiencing. Rather, he seems to be upset by a comment that defendant made. Regardless whether defendant's comment was insensitive or unreasonable, nothing in plaintiff's complaint suggests that the comment placed plaintiff in imminent danger.

Although I conclude that plaintiff may not proceed without prepayment of the filing fee, it would be pointless to give him the opportunity to make that payment before screening his complaint under 28 U.S.C. § 1915A because it is clear that his complaint does not state a claim upon which relief may granted. Plaintiff's claim arises under the Eighth Amendment,

which requires prison officials to provide medical treatment when they are aware that their actions or inactions are subjecting a prisoner to a substantial risk of serious harm. Estelle v. Gamble, 429 U.S. 97(1976); Farmer v. Brennan, 511 U.S. 825 (1994). Again, plaintiff does not identify any harm that defendant is causing him; plaintiff may not sue defendant under the Eighth Amendment for making an insensitive comment. Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866 (7th Cir. 2013). To the extent that plaintiff is suing defendant for failing to transfer him to a different facility, plaintiff does not explain why he believes he should be transferred and he does not identify any treatment he needs that he is not receiving.

Although the allegations in plaintiff's complaint do not state a claim upon which relief may be granted, it is possible that plaintiff could include additional allegations to show that he is in imminent danger of serious physical injury and that defendant is disregarding a substantial risk of serious harm to plaintiff's health or safety. Accordingly, I will give him an opportunity to file an amended complaint that addresses the problems discussed in this order. For example, if plaintiff believes is not receiving adequate mental health care, he should explain why he believes the care he receives now is inadequate, what care he believes he should be receiving, how he is being harmed by not receiving that care and how defendant is responsible for failing to provide that care. If plaintiff does not respond to this order, I will direct the clerk of court to enter judgment and close the case.

ORDER

IT IS ORDERED that plaintiff Jessie Williams is DENIED leave to proceed in forma pauperis under 28 U.S.C. § 1915 and his complaint is DISMISSED for his failure to state a claim upon which relief may be granted. Plaintiff may have until April 15, 2014, to file an amended complaint that addresses the problems discussed in this order. If he does not file a response by April 15, 2014, I will direct the clerk of court to enter judgment in defendant Endres's favor and close this case.

Entered this 25th day of March, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge